1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                          FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10   KENDAL GILL,                              No. 2:13-cv-0634 AC P
11            Petitioner,
12      v.                                     ORDER
13   PEOPLE OF THE STATE OF
     CALIFORNIA,
14
15            Respondents.

16        Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 42 U.S.C. § 1983. Both parties consented to jurisdiction by a United States Magistrate Judge. On June 20, 2013, respondent moved to dismiss the petition on the ground that this action is premature because direct review of petitioner's convictions is still pending in the state courts. ECF No. 9. Petitioner did not file an opposition the motion.

        On August 28, 2012, in the Shasta County Superior Court, petitioner pleaded guilty to various offenses for which he was sentenced to serve a term of four years in state prison. ECF No. 1 at 1. On November 13, 2012, he appealed the judgment of conviction to the California Court of Appeal for Third Appellate District. Id. at 2. That appeal is still pending. Id.; Lodg. Doc. 3. At this time, neither of the two claims presented in the pending federal petition have been presented to the California Supreme Court. Petitioner does not allege that state court remedies are no longer available.

////

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Moreover, the exhaustion requirement is not satisfied if there is a pending proceeding in a state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998) ("[W]e decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action.").

Here, petitioner's direct appeal is still pending and he has not exhausted either claim by fairly presenting it to the California Supreme Court. The federal habeas petition is both unexhausted and premature and will be dismissed without prejudice to petitioner's filing of a new petition raising the same claims in a new action in this court after the judgment of conviction becomes final.

In accordance with the above, IT IS HEREBY ORDERED THAT the petition for writ of habeas corpus (ECF No. 1) is dismissed without prejudice to petitioner's filing of a new action

////
////
////
////
////
////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

pursuant to 42 U.S.C. § 1983 in this court after the challenged judgment of conviction becomes final.

DATED: August 7, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//gill0634.103